UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIU SHENGEN (A# 213-441-329),<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07511 DC SCR<br><br><u>ORDER</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

Pending before the undersigned is Respondent's request to lift the Court's order dated September 22, 2026, prohibiting Petitioner's transfer to another detention center outside of this judicial district. ECF No. 11. Respondent attached a travel document issued by the Chinese Embassy on September 4, 2026, that permits Petitioner's return to China "within three months from the date of issuance." ECF No. 11-1. Respondent maintains that the government "is ready, able, and willing to remove Petitioner from the United States" but for the Court's "no-transfer" order. ECF No. 11 at 1. In response, Petitioner requests that the Court "maintain the no transfer order until his removal date has been determined[,]" ECF No. 13 at 2, but does not substantively assert a factual or legal basis for maintaining the no transfer order.

Respondent's representation that Petitioner's removal is imminent is a departure from the

argument in their return to the petition that he is subject to mandatory pre-removal detention under 8 U.S.C. § 1225(b)(1). ECF No. 7 at 2-3; but see Declaration of Deportation Officer F. Jimenez, ¶ 9, ECF No. 7-1 at 2 (stating that ICE arrested Petitioner in July 2026 pursuant to 8 U.S.C. § 1231(a)(6)). Nevertheless, given that Petitioner appears to be subject to a final expedited removal order dated September 13, 2019, ECF No. 7-3, and the absence of any record evidence showing that Petitioner's removal proceedings have been reopened, Respondent's showing is sufficient to warrant lifting the no-transfer order. While the undersigned understands Petitioner's desire for a more definite removal date, Respondent has adequately demonstrated that the no-transfer order is hindering their efforts to remove Petitioner within the allotted three-month window (which expires in less than six weeks). Accordingly, Respondent's motion is granted. The undersigned reminds Respondent of its obligation to promptly file a Notice of Changed Circumstances should Petitioner's custody status changes. See ECF No. 6.

Moreover, the parties shall file, on or before December 7, 2026, either (1) a joint status report informing the Court of their respective positions on how the merits of the case should be resolved, or (2) a joint stipulation requesting that the case be dismissed as moot if Petitioner has been removed. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that removal moots a habeas petition seeking release from detention).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request to lift the no-transfer order (ECF No. 11) is GRANTED;
2. The Court's no-transfer order at ECF No. 6 is HEREBY LIFTED; and
3. On or before December 7, 2026, the parties SHALL file either (1) a joint status report informing the Court of their respective positions on how the merits of the case should be resolved, or (2) a joint stipulation requesting that the case be dismissed as moot if Petitioner has been removed.

DATED: October 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE